**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**CARDELL NUNNERY**                                      **CIVIL ACTION**

**VERSUS**

                                                     **NO. 18-447-SDD-EWD**

**21ST CENTURY CENTENNIAL**
**INSURANCE COMPANY**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 15, 2018.

                                                     _____
                                                     **ERIN WILDER-DOOMES**
                                                     **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**CARDELL NUNNERY**                                    **CIVIL ACTION**

**VERSUS**

**NO. 18-447-SDD-EWD**

**21ST CENTURY CENTENNIAL**
**INSURANCE COMPANY**

### REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand[1] filed by plaintiff, Cardell Nunnery ("Plaintiff"). The Motion is opposed by defendant, 21st Century Centennial Insurance Company ("Defendant").[2] For the following reasons, the undersigned **RECOMMENDS**[3] that the Motion to Remand[4] be **DENIED**. In the event this recommendation is adopted, the undersigned further **RECOMMENDS** that the matter be referred for a scheduling conference.[5]

### I.   Background

On or about February 22, 2018, Plaintiff filed a Petition for Damages for Personal Injuries, Bad Faith, Attorney Fees, Interest and Costs (the "Petition") in state district court against Defendant for damages for personal injuries stemming from a February 23, 2016 motor vehicle accident.[6] Plaintiff seeks damages for "continued medical treatment and medical expenses," "physical pain and suffering, mental anguish pain and suffering, loss of enjoyment of life, the potential for permanent disability, loss of future earnings, and earnings capacity and other damages

---

[1] R. Doc. 8.

[2] R. Doc. 10.

[3] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

[4] R. Doc. 8.

[5] The previously set scheduling conference was cancelled to allow resolution of the Motion to Remand. R. Doc. 9.

[6] R. Doc. 1-2, ¶ 2.

1

. . . ."[7] In addition to these damages, Plaintiff alleges that Defendant, which "provided Uninsured/Underinsured Motorist and Medical Payment coverage"[8] was "arbitrary and capricious" in adjusting his claim and "acted in bad faith in denying and/or under-evaluating Plaintiff's claim" such that Plaintiff is entitled to penalties and attorney fees.[9]

On April 10, 2018, Defendant removed this action pursuant to 28 U.S.C. § 1332.[10] Defendant asserts that there is complete diversity of citizenship because Plaintiff is a citizen of Louisiana and Defendant is a citizen of Delaware and Pennsylvania.[11] With respect to the amount in controversy, Defendant asserts that the policy at issue has a $100,000 limit, that Defendant previously tendered $47,406.20 leaving $52,593.80 remaining under Defendant's policy, and that prior to removal, Plaintiff demanded Defendant tender the remaining policy limits on three separate occasions.[12] Defendant also points out that the Plaintiff claims in his Petition that Defendant's actions in handling his claim were arbitrary and capricious and that Plaintiff demands penalties and attorneys' fees as allowed under Louisiana law.[13] In light of Plaintiff's multiple policy limits demands and Plaintiff's request for bad faith damages and attorney fees, Plaintiff contends that the amount in controversy in this matter exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs.

---

[7] R. Doc. 1-2, ¶ 5.

[8] R. Doc. 1-2, ¶ 8.

[9] R. Doc. 1-2, ¶ 9.

[10] R. Doc. 1, ¶ 3.

[11] Defendant alleges that it is incorporated in Delaware with its principal place of business in Pennsylvania, and that Plaintiff is a Louisiana domiciliary. R. Doc. 1, ¶¶ 4 & 5. Plaintiff similarly alleges in his Petition that he is a Louisiana domiciliary. R. Doc. 1-2, p. 1.

[12] R. Doc. 1, ¶ 6.

[13] R. Doc. 1, ¶ 6, R. Doc. 1-2, ¶ 9.

2

On April 19, 2018, Plaintiff filed a Motion to Remand, asserting that the amount in controversy requirement is not satisfied.[14] In support of remand Plaintiff submits a Stipulation (the "Stipulation") dated April 19, 2018 and signed by Plaintiff's counsel providing that Plaintiff "hereby agrees to waive and release any claims in excess of $75,000 against" Defendant and "agrees not to execute on any judgment rendered in excess of $75,000, exclusive of interest and costs" against Defendant.[15] Plaintiff argues that submission of the post-removal Stipulation establishes that the amount in controversy requirement is not satisfied.[16]

In opposition, Defendant maintains the matter was properly removed because diversity jurisdiction existed at the time of removal.[17] Although Defendant concedes that it is not facially apparent from the Petition that Plaintiff's claims exceed $75,000, Defendant argues that its Notice of Removal establishes that the amount in controversy requirement is satisfied.[18] For the same reasons stated in the Notice of Removal, Defendant maintains that at the time of removal, the amount in controversy exceeded $75,000. Defendant further asserts that Plaintiff's post-removal unilateral Stipulation does not divest this Court of diversity jurisdiction, and that neither the Plaintiff's Stipulation nor the Motion to Remand establish to a "legal certainty" that the amount in controversy does not exceed $75,000.[19]

---

[14] R. Doc. 8.

[15] R. Doc. 8-2.

[16] R. Doc. 8-1.

[17] R. Doc. 10, p. 7.

[18] R. Doc. 10, p. 5.

[19] R. Doc. 10, p. 6-7.

**II.	Law and Analysis**

    **A. Removal Standard**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[20] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[21] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[22] In removed actions, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court.[23] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[24] The removing party has the burden of proving federal diversity jurisdiction.[25] Remand is proper if at any time the court lacks subject matter jurisdiction.[26]

    **B. 21st Century Centennial Insurance Company has shown by a preponderance of evidence that the amount in controversy exceeds $75,000**

Louisiana law prohibits plaintiffs from specifying a monetary amount of damages in their state court petitions.[27] When a plaintiff has not alleged a specific amount of damages, a removing

---

[20] 28 U.S.C. § 1441(a).

[21] 28 U.S.C. § 1332(a)-(a)(1).

[22] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

[23] *Coury v. Prot*, 85 F.3d 244, 248-289 (5th Cir. 1996) (citation omitted). No party is arguing that there was any change in jurisdictional facts between the filing of the suit in state court and the removal of the case to this court.

[24] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

[25] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

[26] *See*, 28 U.S.C. § 1447(c).

[27] La. C.C.P. art. 893(A)(1); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

4

defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.[28] The defendant may make the requisite showing in either of two ways: (1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.[29]

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal.[30] If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction.[31] However, post-removal affidavits may be considered in determining the amount in controversy if the basis for jurisdiction is ambiguous at the time of removal.[32] If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a "legal certainty" that the amount in controversy does not exceed $75,000.[33]

"Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under

---

[28] *Luckett*, 171 F.3d at 298 (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).

[29] *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002); *Luckett*, 171 F.3d at 298.

[30] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

[31] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S.Ct. 586, 82 L.Ed. 845 (1938)).

[32] *Gebbia*, 233 F.3d at 883 (citing *ANPAC v. Dow Quimica de Colombia, S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (abrogated on other grounds by *Marathon Oil Co. v. Ruhrgas*, 145 F. 3d 211 (5th Cir. 1998), rev'd on other grounds, 526 U.S. 574 (1999)).

[33] *Grant*, 309 F.3d at 869 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

the 'facially apparent' test."[34] In the Petition, Plaintiff seeks penalties and attorney fees as well as damages for continued medical treatments and medical expenses, physical pain and suffering, mental anguish pain and suffering, loss of enjoyment of life, the potential for permanent disability, loss of future earnings capacity.[35] There is no indication in the Petition regarding the amount of these damages, and the Petition does not allege Plaintiff's specific injures. "When, as in the instant case, the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'"[36] Because it is not facially apparent that the amount in controversy exceeds the jurisdictional threshold, Defendant must establish, by a preponderance, that the amount in controversy likely exceeds $75,000. Defendant argues that Plaintiff's pre-removal demands for the remaining policy limits, in conjunction with Plaintiff's assertion that he is entitled to penalties and attorney fees, is sufficient to meet its burden. The undersigned agrees.

In support of its Notice of Removal, Defendant submitted multiple communications from Plaintiff's counsel demanding that Defendant tender the remaining policy limits for injuries sustained because of the underlying accident.[37] Plaintiff does not contradict Defendant's assertion

---

[34] *See*, *Anderson v. Swift Transportation Company of Arizona, LLC*, Civil Action No. 18-13, 2018 WL 3341822, at *3 (M.D. La. June 4, 2018) (quoting *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, Civil Action No. 09-406, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal-Mart Stores, Inc.*, Civil Action No. 09-302, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, No. 08 CV 1296, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriott Hotels, Inc.*, No. Civ. A. 02-2740, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)).

[35] R. Doc. 1-2, ¶ 5.

[36] *Dunomes v. Trinity Marine Products, Inc.*, No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (quoting *Broadway v. Wal-Mart Stores*, No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)).

[37] R. Doc. 1, ¶ 6. *See also*, R. Doc. 1-4, p. 15 (January 4, 2017 email from Plaintiff's counsel stating "I still believe that this case is worth the full policy limits based on the medical evidence that this collision resulted in some pretty severe, debilitating injuries, for the rest of his life" and asking "if we can resolve this one for the remaining UM limits."), p. 14 (February 9, 2017 email from Plaintiff's counsel asserting that Plaintiff's "case is worth the policy limits"), p.13 (May 5, 2017 email from Plaintiff's counsel stating that Plaintiff's "medical specials to date total $51,103.05," that insurer "has currently only paid $47,406.20," and demanding insurer "pay the remaining policy limits to Mr. Nunnery as his case CLEARLY is valued at more than his UM policy limits.").

6

in the Notice of Removal that policy limits are $100,000 or that Defendant previously tendered $47,406.20, leaving $52,593.80 remaining.[38]  Accordingly, the undersigned considers Plaintiff's multiple demands for the remaining policy limits to be demands for approximately $52,593.80.

Defendant also points out that Plaintiff is seeking penalties and attorney fees under La. R.S. § 22:1892 and La. R.S. § 22:1973, based on Plaintiff's allegation that Defendant, "has arbitrarily, capriciously, and without any justifiable cause or excuse failed to tender a sufficient amount of its uninsured/underinsured motorist liability insurance."[39] La. R.S. § 22:1892 states that if an insurer fails to pay a claim within 30 days of receiving satisfactory proof of loss, and that failure is found to be arbitrary, capricious or without probable cause, the insurer shall be subject to a penalty of 50% of the amount found to be due under the insurance contract, as well as reasonable attorney's fees and costs.[40]  La. R.S. § 22:1973 provides that if an insurer fails to pay a claim within 60 days of satisfactory proof of loss and that failure is arbitrary, capricious or without probable cause, the insurer shall be subject to a penalty of two times the damages sustained or five thousand dollars, whichever is greater, as a result of the insured's breach of its duty of good faith.[41]  "[A] plaintiff cannot recover penalties under both La. R.S. § 22:1973 and 22:1892 for the same conduct; rather, a plaintiff recovers the higher penalty."[42]

---

[38] R. Doc. 1, ¶ 6.

[39] R. Doc. 1, ¶ 6, R. Doc. 1-2, ¶ 9.

[40] La. R.S. § 22:1892(B)(1).

[41] La. R.S. § 22:1973(C).

[42] *Milner v. Farmers Insurance Company of Oregon*, Civil Action No. 16-6754, 2016 WL 7473851, at *4 (E.D. La. Dec. 29, 2016) (citing *Calogero v. Safeway Ins. Co.*, 753 So.2d 170, 174 (La. 2000)). *See also*, *Thomas v. Hartford Accident & Indemnity Co.*, Civil Action No. 17 CV 1474, 2018 WL 1548897, at *4 (W.D. La. Mar. 14, 2018); *Clark v. State Farm Fire and Cas. Co.*, Civil Action No. 14-673, 2015 WL 1247011, at *4 n.6 (M.D. La. Mar. 18, 2015).

7

"The Court considers allegations seeking recovery for bad faith penalties and fees for the purpose of determining whether the amount in controversy requirement is satisfied."[43] Plaintiff has asserted multiple times that he is entitled to $52,593.80 remaining under the policy. Under La. R.S. § 22:1892, if Plaintiff recovers the limits of Defendant's UM coverage, Plaintiff may also recover a penalty of $26,296.90.[44] Although Plaintiff's settlement demands for the remaining policy limits (which based on Defendant's uncontroverted assertion represent $52,593.80) were for less than $75,000, when those demands are considered in conjunction with Plaintiff's claim for penalties (which under § 22:1892 could be $26,296.90), the amount in controversy totals $78,890.70 even without considering Plaintiff's request for attorney fees. Therefore, Defendant has shown by a preponderance of the evidence that the amount in controversy at the time of removal met the jurisdictional threshold of $75,000.

### C. Plaintiff has not shown to a legal certainty that the amount in controversy does not exceed $75,000

Because Defendant has shown by a preponderance that the amount in controversy was met at the time of removal, Plaintiff can defeat diversity jurisdiction only by showing to a "legal

---

[43] *Medine v. State Farm Ins. Co.*, Civil Action 18-285, 2018 WL 4292354, at * 3 (M.D. La. Aug. 15, 2018). With respect to general damage awards for personal injuries, the undersigned has required a removing party to do more than cite to general damage awards in other cases exceeding the jurisdictional threshold. *See*, *West v. Red Frog Events, LLC*, Civil Action No. 17-1640, 2018 WL 4376481, at * 6 (M.D. La. July 24, 2018) (explaining that without additional information regarding plaintiff's specific injuries, it was impossible to determine whether the cases relied on by the removing party to support the argument that the amount in controversy was met were analogous) (citing *Medina v. Johnstone*, Civil Action No. 17-6351, 2017 WL 3911793, at * 4 (E.D. La. Sept. 7, 2017) ("the defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.") (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)). Here, and unlike a situation in which a removing defendant has relied on general damage awards in other personal injury actions without providing evidence to allow the court to find such cases analogous, Plaintiff seeks (as based on his policy limit demands) a sum certain such that the amount of penalties sought under La. R.S. § 22:1892 is readily quantifiable.

[44] The Louisiana Supreme Court has held that the "damages sustained" referenced in § 1973(C) are not contractual damages, but are the damages incurred for an insurer's breach of its duty of good faith and fair dealing. *Durio v. Horace Mann Ins. Co.*, 74 So.3d 1159, 1170 (La. 2011). "Accordingly, the court may not simply double the…contractual damages sought to find that the amount in controversy is satisfied." *Brown v. Globe Life and Accident Ins. Co.*, Civil Action No. 15-384, 2015 WL 6459698, at * 4 (M.D. La. Sept. 29, 2015).

certainty" that the amount in controversy does not exceed $75,000.[45] Plaintiff has not pointed to a state law that limits his recovery to an amount below the federal jurisdictional threshold, nor did Plaintiff submit with his state court Petition a binding stipulation or affidavit stating that he is not seeking damages in excess of the federal jurisdictional amount.[46] Plaintiff also chose not to file a reply memorandum addressing Defendant's assertion that the amount in controversy actually exceeds the federal jurisdictional amount. Instead, Plaintiff submitted a Stipulation with his Motion to Remand, executed post-removal, that states Plaintiff, "hereby agrees that his claim in this matter does not exceed $75,000, exclusive of interest and costs. Further, Plaintiff hereby agrees to waive and release any claims in excess of $75,000 . . ." and ". . . agrees not to execute on any judgment rendered in excess of $75,000 . . . ."[47]

The Fifth Circuit has endorsed a narrow situation in which a unilateral post-removal stipulation can clarify that the amount in controversy is not satisfied where the following three elements have been met: "(1) the complaint did not specify an amount of damages, and it is not otherwise facially apparent that the damages sought or incurred are likely above [the jurisdictional threshold]; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiffs' claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in

---

[45] *Grant*, 309 F.3d at 869.

[46] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) ("Plaintiff's 'legal certainty' obligation might be met in various ways; we can only speculate, without intimating how we might rule in such case. Plaintiff's state complaint might cite, for example, to a state law that prohibits recovery of damages that exceed those requested in the ad damnum clause and that prohibits the initial ad damnum to be increased by amendment. Absent such a statute, '[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant.'").

[47] R. Doc. 8-2.

9

controversy was not present."[48] However, "a plaintiff may not defeat removal by subsequently *changing* his damage request, because post-removal events cannot deprive a court of jurisdiction once it has attached."[49]

Assuming that the first and third requirements set out in *ANPAC* are present, the narrow exception recognized in *ANPAC* and reaffirmed in *Gebbia* does not apply in this case. Here, Defendant provided more than "a conclusory statement" in the Notice of Removal regarding the amount in controversy. Defendant alleged that the amount in controversy is met based upon Plaintiff's multiple demands that Defendant tender the policy limits of Defendant's UM policy, and Plaintiff's request for penalties and attorney's fees.[50] Defendant's allegations are more than a mere conclusory statement, without any elaboration, that the amount in controversy exceeds the federal jurisdictional amount.[51] As such, Plaintiff's unilateral post-removal Stipulation is not sufficient to establish to a legal certainty that Plaintiff's damages are less than $75,000.

---

[48] *Marcel v. Pool Company*, 5 F.3d 81, 84 (5th Cir. 1993) (quoting *ANPAC v. Dow Quimica de Colombia, S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (abrogated on other grounds by *Marathon Oil Co. v. Ruhrgas*, 145 F. 3d 211 (5th Cir. 1998), rev'd on other grounds, 526 U.S. 574 (1999)).

[49] *Marcel*, 5 F.3d at 84 (quoting *ANPAC*, 988 F.2d at 565 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S.Ct. 586, 592, 82 L.Ed. 845 (1938))) (emphasis in original). The *Marcel* court went on to note that "[n]othing in *ANPAC* suggests that stipulations or affidavits – from the plaintiffs, their attorneys, or otherwise – always or even usually should be given effect to defeat removal." *Id*. at 85. The Fifth Circuit explained that the *ANPAC* court considered a post-removal affidavit "only because it 'clarif[ied] a petition that previously left the jurisdictional question ambiguous,'" and that "[i]n cases in which, on the other hand, the plaintiff, by whatever means, seeks to reduce, rather than clarify, his demand after removal, the plain language of [*St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)] and the rationale of *ANPAC* unequivocally bar remand for want of jurisdictional amount." *Id*. at 85. *See also*, *Gebbia*, 233 F.3d at 883 (citing *ANPAC*, 988 F.2d at 565).

[50] R. Doc. 1, ¶ 6

[51] *See*, *Medine*, 2018 WLL 4292354, at * 4 (denying motion to remand supported by affidavit and "Irrevocable and Binding Stipulation" stating plaintiffs "will not accept an award exceeding $75,000" where defendant established that plaintiffs were seeking to recover at least $52,341.00 under an insurance policy in addition to bad faith penalties and an unstated amount of attorney fees and explaining that "the Notice of Removal offers more than a conclusory statement indicating that the amount in controversy requirement was satisfied at removal. As stated above, State Farm has submitted summary judgment type evidence indicating that the jurisdictional amount has been satisfied. Plaintiffs' post-removal affidavit and stipulation do not controvert the evidence submitted by State Farm."); *Robinson v. BASF Corp.*, Civil Action No. 17-399, 2017 WL 5077703, at * 4 (M.D. La. Oct. 13, 2017) ("The narrow grounds announced in the *ANPAC* decision are not satisfied because Defendants provided specific summary judgment type evidence at the time of removal indicating Plaintiff's hourly wages and calculating the amounts potentially recoverable by Plaintiff under the Louisiana Wage Repayment Act. Plaintiff has not controverted those calculations."); *Green v. Freedle*, Civil

### III.     Conclusion

Defendant has met its burden of proving that the Court has subject matter jurisdiction over Plaintiff's claims based upon diversity jurisdiction under 28 U.S.C. § 1332(a).  Although it is not facially apparent from the state court Petition that Plaintiff's claims exceed the federal jurisdictional amount, Defendant has shown by a preponderance of evidence that the amount in controversy likely exceeds $75,000 based on multiple demands from the Plaintiff that the Defendant tender the remaining policy limits of Defendant's UM policy.  Defendant has also adequately alleged that there is complete diversity between the parties, pursuant to 28 U.S.C. § 1332(a).[52]  Plaintiff's unilateral post-removal stipulation is not sufficient to establish to a legal certainty that the amount in controversy is less than the federal jurisdictional amount of $75,000, nor has Plaintiff alleged that complete diversity is lacking.

Accordingly, the undersigned **RECOMMENDS** that the Motion to Remand[53] be **DENIED**.  In the event this recommendation is adopted, the undersigned further **RECOMMENDS** that the matter be referred for a scheduling conference.

Signed in Baton Rouge, Louisiana, on November 15, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

Action No. 6:16-cv-1425, 2016 WL 7735378, at * 4 (W.D. La. Dec. 19, 2016) ("Plaintiff has submitted a post-removal stipulation, which sets forth that his damages are limited to $75,000.00, exclusive of interests and costs, and that Plaintiff 'affirmatively waives his right to accept a judgment in excess of ... $75,000.00.'  However, because the pre-petition settlement demand letter, as supported by detailed medical and billing records, established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, this Court's jurisdiction was not ambiguous at the time of removal.").

[52] R. Doc. 1, ¶¶ 4 & 5.

[53] R. Doc. 8.